United States District Court
District of Massachusetts

|  |  |
|---|---|
| JEAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> GARLAND et al., <br><br> Defendants. | Civil Action No. <br> 22-10163-NMG |

MEMORANDUM & ORDER

GORTON, J.

Dominique Jean, Suze Jean and Alhenn Jean (collectively, "the plaintiffs") brought this suit against Merrick Garland, Alejandro Mayorkas, Ur Mendoza Jaddou and Christopher Wray (collectively, "the defendants"), all in their official capacities, seeking a writ of mandamus. Plaintiffs allege that defendants are responsible for unreasonable and improper delays with respect to plaintiffs' immigration applications which were pending at the time the complaint was filed in January, 2022. Defendants have moved to dismiss the complaint as moot (Docket No. 13) on the grounds that those petitions have since been acted upon. Plaintiffs have not opposed. For the following reasons, the motion will be allowed.

I.  **Motion to Dismiss**

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P 12(b)(1),

> the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff.

Excel Home Care, Inc. v. U.S. Dep't of Health & Human Servs., 316 B.R. 565, 568 (D. Mass. 2004) (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)).  A court may, however, consider materials outside the pleadings on a Rule 12(b)(1) motion without the motion being converted into one for summary judgment. See Boniface v. Viliena, 338 F. Supp. 3d 50, 60 (D. Mass. 2018).

Only cases or controversies that present a viable issue in which the parties have a "legally cognizable interest" may be adjudicated in federal court. Thomas R.W. v. Mass. Dep't of Educ., 130 F.3d 477, 479 (1st Cir. 1997).  If there is no longer an operative issue in the case or if the parties lack a legally cognizable interest in it, then the case is moot and "dismissal of the action is compulsory." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001).

Defendants contend, with documentary evidence attached in support, that the five allegedly delayed immigration applications at issue have either been adjudicated or are

awaiting further documentation from plaintiffs. Two of the subject applications, the I-130 and I-765 applications of Suze Jean, were approved in March, 2022. A third, Alhenn Jean's I-130 application, was approved in May, 2022.

U.S. Citizenship and Immigration Services ("USCIS") issued Requests for Evidence ("RFE") with respect to the remaining two applications, Suze Jean's I-485 application and Alhenn Jean's I-485 application. Defendants aver that plaintiffs have not yet responded to those RFEs. Thus, all five of plaintiffs' applications have been acted upon and plaintiffs have been afforded all the relief they sought. See, e.g., Meixian Ye v. Kelly, No. 17-CV-3010, 2017 WL 2804932, at *1-2 (E.D.N.Y. June 28, 2017) (holding that a plaintiff who had not yet responded to an RFE had received the USCIS action she sought and that her claims were, therefore, moot).

### ORDER

For the foregoing reasons, the motion of defendants Merrick Garland, Alejandro Mayorkas, Ur Mendoza Jaddou and Christopher Wray to dismiss plaintiffs' complaint (Dkt. No. 13) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: October 19, 2022

- 3 -